## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ESTEBAN NAVARRO, | |
|    Plaintiff, | No. |
| v. | |
| | Judge |
| CHICAGO POLICE OFFICERS VIDLJINOVIC (Star #4051), CARROLL #5697, and UNKNOWN CHICAGO POLICE OFFICERS | Magistrate Judge |
|    Defendants. | JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, ESTEBAN NAVARRO (hereinafter "PLAINTIFF" or "ESTEBAN"), and for his cause of action against the Defendants, CHICAGO POLICE OFFICERS VIDLJINOVIC (Star #4051), CARROLL (Star #5697), and UNKNOWN CHICAGO POLICE OFFICERS (hereinafter collectively referred to as "OFFICERS"), states as follows:

## NATURE OF CLAIM

1. This is an action seeking redress for violations under United States Code, Section 1983.

## JURISDICTION & VENUE

2. Jurisdiction lies in this Court pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983 and 42 U.S.C. §1988.

3. Venue is proper in the Northern District of Illinois, pursuant to 28 U.S.C §1391(b)(2), as the events giving rise to Plaintiff's claims occurred in the Northern District of Illinois, Eastern Division, and Plaintiff is a resident in the Northern District of Illinois, Eastern Division.

## PARTIES

4. Plaintiff, ESTEBAN NAVARRO is a resident of Chicago, IL, in Cook County.

5. Defendant OFFICERS are sworn law enforcement officers employed by the City of Chicago. They are being sued in their official and individual capacities. At all times relevant to the allegations contained herein, OFFICERS were acting under color of law.

## FACTUAL BACKGROUND

7. In the early afternoon of July 17, 2023, Plaintiff Esteban Navarro, was walking towards the Dollar Tree near Lincoln Avenue and Catalpa Street after his summer high school classes ended for the day.

8. At the time of the incident Estaban was a minor attending high school in northwest Chicago.

9. As Plaintiff reached the mouth of an alley, he noticed a car driving up behind him.

10. A man and woman, now known as Defendants Vidljinovic and Carrol, jumped out of an unmarked police vehicle, and grabbed Esteban.

11. Defendants immediately pushed Esteban up against their vehicle.

12. The male officer said "You look like you are about to fucking rob someone."

13. Worried about what was happening, Esteban used his air pods (in-ear headphones/speakerphones) to call his mother.

14. Estaban's mother, who answered the call, heard the officers repeat that Esteban looked like a robber.

15. Defendants Vidljinovic held Esteban against the car, cuffed him and grabbed his bag.

16. While the officers were manhandling Esteban, a loosely applied handcuff fell off.

17. Esteban raised his hand to make it visible and to show the Defendants that he was not trying to escape.

18. The male officer Defendant violently grabbed Esteban's arms and intentionally squeezed his handcuffs so hard that they caused pain and substantial scrapes and bruising. (See below.)



19. The pair of Defendants rifled through Esteban's bag which contained his wallet and identification.

20. At this time, a police van arrived carrying an additional two unknown Officer Defendants.

21. Defendants put Esteban into the police van.

22. Esteban again tried to activate an Air Pod by voice command to call his mother.

23. One of the Unknown Officer Defendants pulled the remaining Air Pod out of his ear, and then went into Esteban's pants pockets.

24. Officers then took Esteban to the nearby police station which housed a significant migrant encampment outside.

25. Estaban was held for over an hour in an interrogation room, before being questioned by a supervisor and released.

26. While the incident was occurring Esteban's mother sat helplessly, overhearing the Defendants' rough treatment of her son through Air Pod call to her phone.

27. Almost immediately thereafter, Esteban's mother went to several police stations looking for her son.

28. Eventually, a supervisor she spoke to told her that Esteban was arrested because he looked like a robber.

29. Esteban is a healthy, normal looking Latino teenager.

30. After he was released, Plaintiff went to work.

31. Esteban's supervisor noticed the disturbing handcuff bruises on Esteban's wrist and his shaken demeanor.

32. Plaintiff does not know if these officers were harassing him in particular, or if were abusing people who they thought might be part of the migrant encampment.

33. Plaintiff saw one of the officers from the incident near his school the following day, who said words to the effect of "Remember me."

34. Esteban committed no crimes.

4

35. Defendants searched Estaban and found nothing.

36. Defendants created a contact card claiming that Esteban's actions were indicative of "casing".

37. Defendant Officers had no lawful basis to search Esteban.

38. Defendant Officers had no lawful basis to arrest Esteban.

39. All Defendants participated in the false arrest.

40. As a result of the illegal search and false arrest, PLAINTIFF suffered damages, including but not limited to pain and suffering, loss of freedom, and emotional injuries.

### Count I – 42 U.S.C. Section 1983
### Fourth Amendment – Illegal Seizure and False Arrest

41. Plaintiff realleges each of the foregoing paragraphs as if fully stated herein.

42. The actions of all Defendant OFFICERS constituted unreasonable seizure and false arrest, in violation of the Fourth Amendment to the United States Constitution.

43. The violations described in this Count involve both the unlawful searches of Plaintiff's person and belongings and well as his false arrest.

44. As a proximate result of the above-detailed OFFICERS' actions, PLAINTIFF suffered injuries including loss of freedom, humiliation, and emotional injury.

### Count II – 42 U.S.C. Section 1983
### Fourth Amendment – Excessive Force

45. Plaintiff realleges each of the foregoing paragraphs as if fully stated herein.

46. As described in the preceding paragraphs, the conduct (grabbing, pushing, and intentionally using handcuffs to injure) of Defendants Vidljinovic and Carrol, acting under color of law and within the scope of their employment, constituted violations of the Fourth Amendment to the United States Constitution.

47. The conduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

48. As a direct and proximate result of Defendants intentionally, knowingly, unlawfully and unconscionably acting in the manner aforesaid, Plaintiff has experienced pain, suffering, humiliation, and emotional injury.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages and because these defendants acted maliciously, wantonly, or oppressively, punitive damages against the individual Defendants in their individual capacities plus the costs of this action and attorney's fees, and for such other and additional relief as this court deems equitable and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Christopher Smith
One of Plaintiff's Attorneys

Christopher R. Smith
Christopher Smith Trial Group, LLC
53 West Jackson, Suite 856
Chicago, IL 60604
312.432.0400